FONT, PLAINTIFF AND APPELLANT, v. PORTO RICO RAILWAY, LIGHT & POWER COMPANY, DEFENDANT AND RESPONDENT.

APPEAL from the District Court of San Juan, Section 1, in an Action for Damages.

No. 1058.—Decided June 15, 1914.

ELECTRIC RAILWAY—BOARDS AT CROSSING—TACIT ACQUIESCENCE.—When the evidence shows that boards have existed at a crossing on the track of an electric railway company for six months for the convenience of persons crossing the track, although it is shown that the said company did not place the boards there or expressly consent that they should be placed by another person; it cannot plead ignorance and the presumption is that the company tacitly acquiesced in the same, and, therefore, that it must answer for all the consequences arising from such acquiescence.

ID.—ACCIDENT—PLAYING ON TRACK—DAMAGES.—When the evidence shows that the plaintiff was struck by an electric car while playing on some boards placed at a crossing for the convenience of persons crossing the track, said plaintiff is barred from claiming damages on the ground that the cause of the accident was the defective condition of said boards.

NEGLIGENCE—CHILDREN—ORDINARY PRUDENCE.—Although the law does not require children to exercise the same degree of care and prudence as adults, nevertheless they must exercise the same degree of care which prudent children of the same age and intelligence are accustomed to observe in similar cases.

.The facts are stated in the opinion.

*Messrs. Joseph Anderson, Jr.,* and *Damián Monserrat, Jr.,* for the appellant.

*Mr. J. H. Brown* for the respondent.

MR. JUSTICE DEL TORO delivered the opinion of the court.

This is an action for damages for personal injuries to a boy.

Briefly, the complaint alleges that the plaintiff is a minor of about ten years of age, residing in San Juan, and that the defendant is a corporation organized and doing business

under the laws of Porto Rico, with its office in San Juan; that the said defendant company is and was on the date hereinafter to be indicated the owner and operator of a line of electric cars running along the highway, passing through the suburb of San Juan known as Santurce; that on March 29, 1912, at about 8.30 p. m., the plaintiff was in a store on the southern side of the highway near stop 21 of the defendant's line, where he had gone for the purpose of making some purchases; that he went out of the said store and, noticing that one of the defendant's cars had stopped at stop 21 and that he had sufficient time to cross, the plaintiff stepped on the defendant's track with the intention of crossing; that the place where the plaintiff intended to cross in the exercise of reasonable diligence and care, is used by the public for that purpose and was well lighted; that when the plaintiff had almost crossed the track his foot slipped into a space between certain boards which had been placed between the rails at that place with the consent of the defendant to facilitate crossing, and was caught in such a manner that he could not extricate it; that at that very moment the car of the defendant which had stopped at stop 21 started in the direction of the plaintiff; that the plaintiff made every effort to liberate himself and cried to the motorman, "Stop, stop, you will kill me!" when the motorman could hear him and still had time to stop the car; that the motorman negligently and carelessly allowed the car to continue in motion and ran over the plaintiff, mangling his right foot and necessitating its amputation a little below the knee; that the defendant was further negligent in allowing the boards to be placed permanently upon its property as an invitation to the public to cross at that place, they being in such a condition as to constitute a public menace and to result in the injury suffered by the plaintiff; that the boards were partially worn away at the ends, leaving a sufficient space between the rail and the board on the inside of the rail on the north side of the track for the foot of the plaintiff to slip into the opening;

that by reason of the negligence of the defendant in the oper-
ation of the car and in permitting the boards to remain in the
condition in which they were, the plaintiff has suffered phys-
ically and mentally, having lost his right foot and a part of
his leg and being permanently mutilated and humiliated by
having to use crutches, and having spent large sums of money
for the services of a physician and surgeon and for medi-
cines. Wherefore, the plaintiff prayed the court for judg-
ment against the defendant in the sum of $30,000, with costs,
disbursements and attorney's fees.

The defendant answered the allegations of the complaint
specifically and fully, admitting the fact of the accident, but
denying that there had been negligence in the operation of
its car, or that it had authorized the placing of the boards
at the place of the accident, or that it was responsible for
their being placed there, or for their condition. It further
alleged as matters of special defense (*a*) that the accident
suffered by the plaintiff and the injuries he received as a
reason thereof were due exclusively to his own fault and
negligence, and (*b*) that even in case the motorman of the
company had been negligent, the contributory fault and neg-
ligence of the plaintiff contributed to the proximate cause
of the accident.

At the trial both parties introduced their evidence and
on August 1, 1913, the court rendered judgment dismissing
the complaint without special imposition of costs. From
the said judgment the plaintiff took the present appeal.

As we have seen, the plaintiff charged the defendant with
two distinct acts of negligence, namely, in the operation of
the car and in the placing of the boards. We will consider
them in the order in which they were presented.

The evidence as to the manner in which the accident oc-
curred was contradictory and the trial court concluded that
it was shown that "the plaintiff, who for some time before
the accident occurred had been playing with other boys around
the place where he was run over, attempted to run across the

track while the electric car was already in motion coming from stop 21 and was only a short distance away, and when he had almost crossed the said track his right foot slipped between the boards and the rail in such an unfortunate way that he did not have time to extricate it and avoid the danger, the car passing over one of his legs and causing him the said injury. The cries of young Pacheco and the unfortunate accident were almost simultaneous, for the motorman, notwithstanding all his efforts, had no time to stop the car and avoid the accident.''

We have carefully studied all the evidence introduced. Two witnesses for the plaintiff described the accident in more or less the same manner as it is described in the complaint. The witnesses for the defendant maintain that the accident occurred in a different way—that is, that the plaintiff was playing and with other boys ran across the track when the car was already in motion and very close and it was impossible to stop it notwithstanding all the efforts of the motorman to do so.

Therefore, the evidence is contradictory and the district court gave credence to the testimony of the witnesses for the defendant. The plaintiff has not shown that the trial court was influenced by passion, prejudice, or partiality, nor on examining the evidence do we find that the court committed any manifest error in weighing the same. This being the case, in accordance with the jurisprudence repeatedly laid down, we must accept the conclusions of the trial court as correct and therefore it is impossible to hold that the accident which caused the loss of the plaintiff's foot was due to the negligence of the defendant in the operation of the electric car.

Let us see whether the defendant was negligent in connection with the condition of the boards.

The evidence shows that the boards were not placed there by the defendant, but by the owner of a certain mercantile establishment located in front of the place where the acci-

dent occurred for the convenience of persons passing on foot from the highway to the establishment. It is not clearly shown that the defendant company gave express permission for the placing of the boards, but as there is no doubt that they were there for a period of six months, the defendant company cannot plead ignorance. At least it impliedly consented to their being there and must answer for all the consequences which may result from the said fact.

Nor is the evidence clear as to the nature of the defect and as to whether it could or could not have been noticed and corrected in time by the defendant company. But assuming that the defect was evident and that the defendant company should have remedied it, even then we find that the evidence shows, according to the versions accepted as true by the trial court, that the plaintiff did not use the boards to cross from the highway to the store to transact business, for which purpose they were placed there, but used them for playing around the cars, and while the plaintiff was engaged with other boys in that perilous diversion he was so unfortunate as to be struck by the electric car of the defendant without any fault on the part of the motorman in charge of the car. Witness Dimas Antolín testified, among other things, (page 45 of the transcript), that "about an hour before the accident he was watching the boy Font at that place; that he was playing with other boys; that at times they would lie on the track when the car was approaching and say to each other, 'Look out, it will strike you,' 'It will not strike me at all,' and the witness thought that an accident would happen to them." Witness Mariano Figueroa also testified, among other things (page 49 of the transcript), that "while he was in the store in front of the one belonging to Fernando Carrasquillo on March 29 he saw three boys amusing themselves by playing on the pavement in front of the store and when the car was approaching and very close they attempted to cross the track, the first two succeeding and the last falling."

This being the case, in accordance with jurisprudence the

plaintiff is estopped from making any claim on the ground that the injuries he received were due to the defect in the boards placed on the tracks of the defendant company.

"One who, being upon a highway merely for play, meets with an injury occasioned by a defect therein, cannot maintain an action for damages therefor against the city or town bound to keep the highway in repair for travelers." *Margaret Tighe* v. *City of Lowell,* 119 Mass., 472.

"Plaintiff received an injury from a defective highway while using such highway for the express purpose of horse-racing. *Held,* that no action lay against the city whose duty it was to keep the highway in repair." *McCarthy* v. *Portland,* 67 Me., 167, 24 A. R., 23.

"A man of full age playing with a dog on a sidewalk and not going anywhere is not so using the walk as to entitle him to recover for injuries caused by defects therein." *Jackson* v. *Greenville,* 27 L. R. A., 527.

Summarizing, we will say that a careful examination of the case in all its details shows that the plaintiff received the injury of which he complains by reason of his own fault and negligence and not by reason of the fault and negligence of the defendant. But even though it could be concluded that the defendant company was negligent to a certain extent in regard to the placing of the boards, the contributory negligence of the plaintiff is so clear that it effectively bars the rendition of a judgment in his favor.

We will conclude by citing the following jurisprudence established in a decision of the Supreme Court of Maine, wherein a case very similar to the present one was decided:

"In a case where a child ten years old, while attempting to cross an electric railway track in a street, was run over by a car, and where it appears that the car, at the time she attempted to cross, was in plain sight of her, and could not have been much more than its own length from her, and where it is manifest, either that she did not look to see if the car was approaching, or that, if she looked, she must have seen the car, *held,* that her contributory negligence is a bar to her recovery against the railway company. Her act can

hardly be regarded otherwise than a result of a sudden unthinking impulse, or of reckless daring.

"Though children are not by law holden to the exercise of the same extent of care that adults are, and though the age and intelligence of a party are important factors in determining whether due care has been used, yet the plaintiff in this case was bound to use that degree or extent of care which ordinarily prudent children of her age and intelligence are accustomed to use under like circumstances.

"*Held,* that the plaintiff clearly failed to use that care which a child of her intelligence should use." *Colomb* v. *Street Railway,* 100 Me., 418.

The appeal should be dismissed and the judgment appealed from affirmed.

*Affirmed.*

Chief Justice Hernández and Justices Wolf and Aldrey concurred.

Mr. Justice Hutchison took no part in the decision of this case.